| sree Simeaiie™ LgNcomcadoas □□□ 
 s New York NY 10017-4030 | AausTIN, TX HARTFORD, CT NEW ORLEANS, LA SACRAMENTO, CA 
 Tel 212 545-4000 BALTIMORE, MD HONOLULU, HI NEW YORK, NY SALT LAKE CITY, UT 
 Fax 212 972-3213 BERKELEY HEIGHTS, NJ HOUSTON, TX NORFOLK, VA SAN DIEGO, CA 
 BIRMINGHAM, AL INDIANAPOLIS, IN OMAHA, NE SAN FRANCISCO, CA 
 www.Jacksoniewis.com | poston, MA JACKSONVILLE, FL = ORANGE COUNTY,CA JUAN, PR 
 CHARLOTTE, NC KANSAS CITY REGION ORLANDO, FL SEATTLE, WA 
 CHICAGO, IL LAS VEGAS, NV PHILADELPHIA, PA SILICON VALLEY, CA 
 CINCINNATI OH LONG ISLAND, NY PHOENIX, AZ. ST. LOUIS, MO 
 CLEVELAND, OH LOS ANGELES, CA PITTSBURGH, PA TAMPA, FL 
 DALLAS, TX MADISON, WI PORTLAND, OR WASHINGTON DC REG 
 DAYTON, OH MEMPHIS, TN PORTSMOUTH, NH WHITE PLAINS, NY 
 DENVER, CO MIAML FL PROVIDENCE, RI 

 MEMO ENDORSED 
DIRECT DIAL: (212) 545-4053 ' 
EMAIL: DANA. WEISBROD@JACKSONLEWIS.COM 

 March 25, 2020 
VIA ECF 
Honorable Kenneth M. Karas 
United States District Court, S.D.N-Y. 
The Hon. Charles L. Brieant Jr. 
Federal Building and United States Courthouse 
300 Quarropas Street, Courtroom 521 
White Plains, New York 10601-4150 
Re: Jonathan D. Morley v. International Business Machines Corporation 
 S.D.N.Y. Case No.: 7:19-cv-11694-KMK 
Dear Judge Karas: 
 We represent Defendant International Business Machines Corporation (“IBM”) in the 
above-referenced action, and we write in response to Plaintiff's March 23, 2020 letter (which was 
served on IBM on March 24, 2020). In his letter, Plaintiff makes numerous requests/arguments. 
We address each below. 
 First, Plaintiff argues that IBM failed to file a responsive pleading by the March 20, 2020 
deadline, although he concedes IBM filed a pre-motion letter on March 19, 2020. Per the Individual 
 of Practice of the Honorable Kenneth M. Karas, a pre-motion conference is required before 
any party is permitted to make a motion, including in pro se cases. To arrange for a pre-motion 
conference, the Rules require a party to submit a three-page letter to the Court. Thus, IBM was not 
permitted to file a motion to dismiss Plaintiff's Complaint on March 20, 2020 per the Court’s 
Rules. Accordingly, Plaintiff's contention that IBM’s pre-motion letter did not stay its responsive 
pleading deadline is inaccurate, as the Court’s Rules require a pre-motion conference prior to filing 
a motion to dismiss. 
 Next, Plaintiff agrees that this matter should be referred to arbitration. As Plaintiff concedes 
that his claims are subject to arbitration, his anticipated motion for judgment on the pleadings and 
request to amend his Complaint are moot and the Court should compel arbitration. Hughes v. Pub. 

Serv. Mut. Ins. Co. (In re Hughes), 2001 Bankr. LEXIS 1803, at *35 (Bankr. §.D.N.Y. Apr. 18, 
2001) (denying as moot motion to amend where action was compelled to arbitration). Plaintiff also 
requests a stay of this action pending arbitration. IBM does not object to a stay pending arbitration. 
 Likewise, IBM does not object to Plaintiff's request for a 60-day stay of this action in light 
of the COVID-19 pandemic. 
 Thank you for your attention to this matter. 
 Respectfully submitted, 
 JACKSON LEWIS P.C. 
 s/ Dana G. Weisbrod 
 Dana G. Weisbrod 

cc: Jonathan D. Morley, Plaintiff pro se (via e-mail w/ unpublished decision and ECF)

 ket een a oy 
 Ans Cah shuld A □ be syed [A □□□ 
 \ 
 wlio of 4 cet 
 < O rds red > 

 s/s